IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| TILISIA SIMMONS,<br>o/b/o N.J.A.,<br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br>    Defendant. | Civil No. 3:16cv986 (JAG) |

## REPORT AND RECOMMENDATION

On June 12, 2009, Plaintiff Tilisia Simmons ("Plaintiff") filed an application for supplemental security income ("SSI") on behalf of a minor child claimant under the Social Security Act ("Act"). Thereafter, Plaintiff received SSI on the child's behalf based on a favorable disability determination dated June 19, 2009. The Commissioner later determined that the child's disability ended on March 13, 2013. Plaintiff appealed that determination, and on May 13, 2015, an administrative law judge ("ALJ") held a hearing on Plaintiff's claims. On June 19, 2015, the ALJ issued a decision denying Plaintiff's claims. On October 6, 2016, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

On December 16, 2016, Plaintiff appealed the Commissioner's decision to this Court pursuant to 42 U.S.C. § 405(g). This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion to Dismiss (ECF No. 10). Defendant moves to dismiss Plaintiff's claim on the basis that Plaintiff's appeal was untimely filed. Having reviewed Defendant's submission, and because Plaintiff failed to file a response, the Court is now prepared

to issue a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that Defendant's Motion to Dismiss (ECF No. 10) be GRANTED and that Plaintiff's Complaint (ECF No. 3) be DISMISSED with prejudice.

## I. PROCEDURAL HISTORY

On June 19, 2009, the Agency determined that the minor child qualified as disabled under the Act due to low birth weight. (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") (ECF No. 11), Decl. of Lillian Gremillion ("Gremillion Decl.") (ECF No. 11-1), Ex. 1 to Gremillion Decl. ("ALJ's Decision") (ECF No. 11-2) at 7.)[1] On March 13, 2013, the Agency determined that the child's medical impairment had improved such that she no longer qualified as disabled, thus ceasing her benefits. (ALJ's Decision at 1, 4.) On September 9, 2013, the Agency denied Plaintiff's claims on reconsideration. (ALJ's Decision, List of Exhibits, at 1.) On May 13, 2015, the ALJ held a hearing during which Plaintiff (represented by counsel) testified. (ALJ's Decision at 1, 6.) On June 19, 2015, the ALJ issued a decision denying Plaintiff's application for SSI. (ALJ's Decision at 1, 15.)

On October 6, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Ex. 2 to Gremillion Decl. ("Appeals Council Notice") at 1.) The Appeals Council noted that if Plaintiff disagreed with its decision, Plaintiff could file a civil action in the United States District Court for review. (Appeals Council Notice at 2.) After detailing how Plaintiff may file a civil action, the Appeals Council explained that Plaintiff had sixty days to file

---

[1] Defendant attached to her Motion to Dismiss the Declaration of Lillian Gremillion (ECF No. 11-1), Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Filed as Exhibits to Ms. Gremillion's Declaration (ECF No. 11-2), Defendant has included the ALJ's Notice of Decision and the ALJ's full Decision, listed as "Exhibit 1," the Notice of Appeals Council Action, listed as "Exhibit 2," Plaintiff's request to the Agency for an extension of time to file a civil action, listed as "Exhibit 3," and the Appeal Council's denial of that request, listed as "Exhibit 4." Each exhibit contains separate pagination. For ease of reference, the Court will refer to these documents separately.

that action. (Appeals Council Notice at 2-3.) The Appeals Council further explained that such time frame would commence upon Plaintiff receiving the Appeals Council Notice and the Appeals Council would assume that Plaintiff received the Notice within five days of the date of the Notice, unless Plaintiff could demonstrate otherwise. (Appeals Council Notice at 2-3.) Should Plaintiff not have been able to file her civil action within sixty days, she could have requested an extension in writing from the Appeals Council. (Appeals Council Notice at 3.)

On December 15, 2016, Plaintiff requested a thirty-day extension of time to file her civil action from the Appeals Council. (Ex. 3 to Gremillion Decl. ("Extension Request").) Plaintiff based her request on a clerical error — namely, that Plaintiff's counsel had entered an incorrect date for the Appeals Council's denial in their system, which led to a miscalculation of Plaintiff's filing deadline. (Extension Request.) On December 16, 2016, Plaintiff commenced her action in this Court by filing her Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.) On February 14, 2017, the Appeals Council denied Plaintiff's request for an extension of time. (Ex. 4 to Gremillion Decl. ("Denial of Extension Request") at 1.)

## II. ANALYSIS

Defendant argues that this Court should dismiss Plaintiff's Complaint, because Plaintiff filed this action more than sixty days after receipt of the Appeals Council Notice. (Def.'s Mem. at 3-4.) Further, Defendant contends that Plaintiff did not demonstrate good cause to extend the sixty-day period by equitable tolling of the prescribed timeline. (Def.'s Mem. at 4-5.) Finding that Plaintiff did not timely file this action, the Court recommends dismissal of Plaintiff's Complaint with prejudice.

A. Plaintiff did not timely file this action within the required sixty-day period.

Congress has prescribed the procedure for judicial review in this Court of a denial of benefits under the Act:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c) (noting that civil action must be commenced within sixty days).[2] Thus, a plaintiff has a sixty-day time period after the final decision of the Commissioner or "such further time as the Commissioner . . . may allow" to file her action with this Court. This sixty-day time period, promulgated by Congress, "constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

In this case, the Appeals Council notified Plaintiff of its decision on October 6, 2016. (Appeals Council Notice at 1.) Unless contradicted by Plaintiff, the Appeals Council considered Plaintiff to have received the Notice five days later. (Appeals Council Notice at 2.) In this case, no evidence exists to the contrary. As such, for the purposes of calculating the sixty-day deadline, Plaintiff received the Appeals Council Notice on October 11, 2016. The sixty-day deadline for Plaintiff to commence a civil action in the United States District Court expired on December 12, 2016.[3] Plaintiff did not file her Motion for Leave to Proceed *in forma pauperis*

---

[2] For the United States Government to be included as a defendant in an action, the United States must have previously waived sovereign immunity and that waiver "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Congress expressly waives the Government's sovereign immunity by "prescrib[ing] the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had." *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

[3] The sixtieth day fell on December 10, 2016, a Saturday. Defendant properly notes that, pursuant to Federal Rule of Civil Procedure 6(a), a deadline that falls on a Saturday, Sunday or

(ECF No. 1) until December 16, 2016 — four days after the expiration of the sixty-day deadline. Because Plaintiff did not commence her action within the sixty-day deadline, she did not timely file her Complaint.

B. Equitable tolling does not apply.

Although a plaintiff generally must comply with the sixty-day deadline for commencing a judicial review of the Commissioner's decision, regulations allow for the Commissioner to extend the sixty-day deadline upon a showing of good cause by the plaintiff. 20 C.F.R. § 422.210(c); *see also* 20 C.F.R. § 416.1411, 416.1482 (listing examples of circumstances which may constitute good cause); *Bowen*, 476 U.S. at 480 ("Congress has authorized the Secretary to toll the 60-day limit, thus expressing its clear intention to allow tolling in some cases."). Courts also may equitably toll the sixty-day deadline. *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986). The sixty-day time for appeal is a statute of limitation and accordingly is a "condition on the waiver of sovereign immunity . . . [which] must be strictly construed." *Bowen*, 476 U.S. at 479. Only exceptional circumstances may justify equitable tolling. *Hyatt*, 807 F.2d at 378. A court should equitably toll the sixty-day statute of limitations when "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

Further, courts should not equitably toll a limitations period for "a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (rejecting an argument that the limitations period should have begun when plaintiff first personally received notice, because plaintiff's lawyer was absent from the office when the notice arrived); *see also*

---

legal holiday shall be extended to the next day that does not fall on a weekend or legal holiday. In this case, Rule 6(a) extended Plaintiff's deadline to file her civil action to Monday, December 12, 2016.

5

*Parker v. Astrue*, 2009 WL 1543997, at *1 (S.D.W. Va. May 29, 2009) (applying *Irwin* in a Social Security appeal). The Supreme Court has set a standard that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin*, 498 U.S. at 96).

In this case, Plaintiff did not request an extension of the sixty-day deadline from the SSA, as allowed by the Commissioner's regulations, until December 15, 2016, three days after her deadline had expired. 20 C.F.R. § 422.210(c); (Gremillion Decl. ¶ 3(b); Extension Request.) On February 14, 2017, the Appeals Council denied Plaintiff's request, explaining that "a clerical error in calculating the deadline to file a civil action . . . is not 'good cause'" under the regulations. (Denial of Extension Request at 1.) As previously noted, Plaintiff failed to respond to Defendant's motion to dismiss. In sum, at no point has Plaintiff shown good cause for an extension of the sixty-day deadline or demonstrated why this Court should not give deference to the Commissioner's decision denying Plaintiff's extension request. As such, equitable tolling does not apply in this case.

## VI. CONCLUSION

For the reasons set forth above, the Court recommends that Defendant's Motion to Dismiss (ECF No. 10) be GRANTED and that Plaintiff's Complaint (ECF No. 3) be DISMISSED WITH PREJUDICE.

Let the Clerk forward a copy of this Report and Recommendation to United States District Judge John A. Gibney, Jr. and to and all counsel of record.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated: April 17, 2017